U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 3 2013

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM N. OLIVER,                    §
                                      §
            Plaintiff,                §
                                      §
VS.                                   §    NO. 4:10-CV-607-A
                                      §
UNITED STATES OF AMERICA,             §
                                      §
            Defendant.                §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment
filed in the above action by defendant, United States of America.
Plaintiff, William N. Oliver, filed a response, and defendant
filed a reply.  Having considered all of the parties' filings, as
well as the record in this case and the applicable legal
authorities, the court concludes that the motion should be
granted.

I.

Plaintiff's Claims

Plaintiff instituted this action by filing a complaint
pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b),
2671 et seq. ("FTCA").  Plaintiff complains that upon his arrival
at FCI-Fort Worth in 2007 he was evaluated by a staff physical
therapist, Ms. Hemmingway, who denied his request for soft shoes

to assist with his recovery after surgery.  Plaintiff contends that the transferring institution had authorized a soft shoe permit, but that defendant's indifference towards the prior authorization caused him to suffer an infection, swelling, and pain, because defendant delayed in issuing him another soft shoe permit.

## II.

### The Summary Judgment Motion

The government contends that it is entitled to summary judgment on plaintiff's claims because he cannot establish: (1) the applicable standard of care; (2) that defendant violated that standard of care; and, (3) that defendant's actions proximately caused his alleged injuries.

## III.

### Facts

The facts set forth below are undisputed in the summary judgment record:

On February 8, 2000, while incarcerated at a Bureau of Prisons's facility in another state, plaintiff had surgery, performed by a contract orthopedic surgeon, to remove a mass on his left great toe and a bone spur from his left foot.  On April 11, 2000, the surgeon reevaluated plaintiff and recommended that he resume use of his regular shoes.

During the course of his incarceration with the Bureau of
Prisons plaintiff continued to be seen by contract podiatrists.
During an appointment on April 9, 2001, a podiatrist recommended
that plaintiff use soft shoes with no steel toe caps, and on May
4, 2001, the podiatrist recommended that plaintiff continue using
those soft shoes.  On September 7, 2001, a podiatrist reviewed x-
rays of plaintiff's left foot and observed degenerative joint
disease.  The podiatrist issued plaintiff a soft sole insole to
help alleviate the pain in his left foot, and also recommended
that plaintiff continue using the soft shoes he was previously
issued.

On December 6, 2007, plaintiff was transferred to FCI-Fort
Worth.  On December 18, 2007, plaintiff sought medical treatment
at the FCI-Fort Worth Health Services Clinic, and also requested
a soft shoe permit.  After evaluating plaintiff, Health Services
staff noted that plaintiff was still wearing the institutional
shoes with the steel caps removed.  Staff also prescribed
medication for his athlete's foot and requested a consultation
with the physical therapy department regarding the soft shoe
permit.

On February 7, 2008, a physical therapist on staff at FCI-
Fort Worth evaluated plaintiff and noted the numerous physical
ailments documented in plaintiff's medical record, but also saw

3

that plaintiff was able to ambulate and perform his activities of daily living. The physical therapist found no sign of pressure sores on his feet, and noted that she would consider providing him with compression hose given his history of surgery and persistent swelling in his lower extremities. Later in February 2008, the physical therapist authorized and issued to plaintiff two pair of compression socks.

On June 18, 2009, x-rays were taken of plaintiff's left and right ankles. Although the x-rays revealed bone spurs in both ankles, there were no fractures and only mild soft tissue swelling.

When a prisoner transfers from one Bureau of Prisons facility to another, any medical restrictions, including soft shoes, follow the prisoner to the new facility. Staff at the transferee facility evaluate the incoming prisoner and determine, in their medical judgment, which medical restrictions remain appropriate for the prisoner. Soft shoe restrictions permit a prisoner to either wear shoes prescribed by the prison's Health Services staff for medical reasons, such as diabetes or orthopedic problems, or tennis shoes for the prisoner's comfort obtained from the facility's commissary. When Health Services staff determine that a prisoner requires special orthopedic shoes

4

for medical reasons, the shoes are considered medical assistive devices that are issued directly to the prisoner.

When the staff physical therapist evaluated plaintiff on February 7, 2008, no recommendation was made that plaintiff be provided special orthopedic shoes.  At the time defendant filed the motion for summary judgment, plaintiff's medical records still contained no recommendation that he receive specially-prescribed shoes.  Instead, since May 17, 2002, plaintiff has had a soft shoe restriction in place, allowing him to wear soft shoes from the facility's commissary, and plaintiff has been authorized to wear such shoes the entire period of his incarceration at FCI-Fort Worth.  The record also shows that during his incarceration with the Bureau of Prisons, including during his time at FCI-Fort Worth, plaintiff has lodged many complaints of physical ailments, all of which appear to have resulted in some form of evaluation and treatment by Bureau of Prisons staff.

IV.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247

(1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324.  See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

V.

Analysis

The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by a government employee's negligence when a private individual under the same circumstances would be liable under the substantive law of the state in which the negligence occurred.  28 U.S.C. §§ 1346(b), 2674; Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). State law controls liability for medical malpractice under the FTCA; because the alleged negligence here is claimed to have occurred in Texas, Texas law applies.  Hannah, 523 F.3d at 601.

To prevail on a medical malpractice claim under Texas law, plaintiff bears the burden to establish: (1) the health care provider's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) an injury; and (4) a causal connection between the breach of the standard of care and the injury.  Id.; Mills v. Angel, 995 S.W.2d 262, 267 (Tex. App.--Texarkana 1999, no pet.).

"The standard of care is a threshold issue which the plaintiff must establish before the fact finder moves on to consider whether the defendant breached that standard of care to such a degree that it constituted negligence."  Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citations omitted).

7

Unless the treatment provided is a matter of common knowledge or within a lay person's experience, plaintiff must provide expert testimony to prove the standard of care in the community where the medical care was provided or in similar communities. Id. at 567-68; Hannah, 523 F.3d at 601. Consequently, the plaintiff in a medical malpractice case ordinarily cannot meet his burden of proof without testimony from a medical expert.[1]

This case is no exception. The issue here is whether defendant's alleged failure to prescribe plaintiff special soft shoes caused the infection, swelling, and pain in plaintiff's feet. The standard of care for diagnosing and treating ailments of the foot, including the need for special medical devices or whether a given condition necessitates special shoes, are not matters within the common knowledge or experience of lay persons.

In his response plaintiff frequently complains about the failure of the Bureau of Prisons to ensure that his medical records transferred with him from his previous facility to FCI-Fort Worth,[2] and he argues that a podiatrist, rather than a

---

[1]An exception to the general rule that expert testimony is required to prove medical malpractice applies when the failure of the health care provider to meet the standard of care is plainly within the common knowledge of laymen, for example, when a surgeon operates on the wrong part of the patient's body or leaves surgical instruments or sponges inside the body. Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990).

[2]The court is unaware of any authority holding that an alleged failure to properly transfer medical records constitutes a proper basis for a claim under the FTCA. Even if such was the case, there is no evidence that plaintiff timely exhausted his required administrative remedies as to that issue.

physical therapist, should have evaluated his need for a soft shoe permit.  However, whether the standard of care requires medical personnel to have all of a patient's records to properly evaluate his current condition, or whether the standard of care requires a podiatrist, rather than a physical therapist, to perform an evaluation of the need for soft shoes, are also outside the knowledge and experience of lay persons.  And the fact that the evaluation was performed by a physical therapist rather than a physician does not alleviate the requirement to establish the relevant standard of care, as under Texas law, "a physical therapist malpractice action is treated exactly like a traditional physician malpractice action," thus requiring that the relevant standard of care be established by expert testimony. Flores v. Ctr. for Spinal Evaluation and Rehab., 865 S.W.2d 261, 264 (Tex. App.--Amarillo 1993, no writ).

Plaintiff cannot prevail on his claims because he failed to offer expert testimony to establish any of the required elements. The parties' deadline to designate expert witnesses was October 26, 2012, which the court extended until November 26, 2012. Plaintiff sought to designate as his expert witnesses two out-of-state physicians that treated him during his incarceration at another Bureau of Prisons facility prior to his transfer to FCI-Fort Worth.  However, neither physician is nor has been

defendant's employee or otherwise under defendant's control such
that defendant could compel the physicians' cooperation as
witnesses.  Plaintiff on his own was apparently unable to obtain
the cooperation of either physician, as he has failed to provide
the affidavit or declaration of any expert witness to support his
claims in this action.

Because plaintiff failed to establish the "threshold issue"
of the standard of care, the court is unable to consider whether
defendant breached that standard or whether any such breach
proximately caused plaintiff's alleged injuries.  Hannah, 523
F.3d at 601.  As plaintiff has failed to provide expert
testimony, he cannot create a fact issue sufficient to defeat
summary judgment.  Id. at 602.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary
judgment be, and is hereby, granted, and that all claims and
causes of action asserted by plaintiff, William N. Oliver,
against defendant, United States of America, be, and are hereby,
dismissed with prejudice.

SIGNED January 23 2013.

JOHN McBRYDE
United States District Judge

10